These were civil actions brought by Mrs. Cora Trollinger et al., and Mrs. Alice M. Moore, against the city of Burlington, which actions were consolidated for trial by consent. They were instituted for the recovery of damages sustained by reason of the closing of Park Avenue, alleged to be a street in the city of Burlington, by the construction of an underpass under the tracks of the North Carolina Railroad, which lowered the grade of Church Street so as to make Park Avenue unusuable. [unusable]. Plaintiffs allege that they own valuable property on Park Avenue, to the use of which this street was necessary; that the closing of the street in the manner aforesaid has deprived them of its use and has greatly diminished the value of the property.
The defendant denied that Park Avenue had ever been or was at the time a public street of the city, and also denied the other material allegations of the complaint.
There was evidence on behalf of the plaintiffs to the effect that Park Avenue was a dirt street which had been regularly scraped and kept in repair by the city ever since the town of Burlington was known as "Company Shops," and for a long period before that time.
W. S. Shelton, a witness for the plaintiffs, testified that prior to the closing of South Park Avenue, in connection with the Church Street underpass, it had been opened as a public street for fifty years. *Page 846 
G. M. Brooks testified that he had been living in Burlington about forty years and knew Park Avenue in front of the Trollinger and Moore properties from Hoke Street and Church Street; that while working for the town about twenty-five or thirty years ago he had occasion to break up that street with a road machine, when they had teams to pull the scrapers and did not have tractors. Witness did not remember over what period of years he worked it for the town, but knew that he worked a side ditch next to the Moore and Trollinger properties and dug a ditch on the north side next to the railroad; that he worked this street, as well as the other dirt streets of the city, and had worked this street about the same as he did on other streets.
S. A. Steele testified that the city of Burlington had been working that part of South Park Avenue and had worked it for twenty or thirty years, keeping it in passable condition.
J. H. Freeland testified that he had been living in Burlington for about thirty years and was mayor of the city in 1911, 1912, and 1913; that he had known the road from Church Street to Hoke Street for about thirty-six years, and that the general public had been using it for that length of time; that during the time he was mayor the street was worked occasionally with a one-horse wagon, coal and cinders given to the town by the railroad being used to fill up the holes. Witness thought it got as much attention as any of the other streets of the city. The witness testified as to the Standard Oil Company oil tank, and as to a three-way contract, to which the city was a party, giving the Standard Oil Company permission to put a tank on the railroad right of way, between Mrs. Trollinger's land and the railroad. The privilege was obtained from the city on the recommendation of the Street Committee.
There was further evidence as to the value of the property before and after Park Avenue was closed, or partially closed, by the underpass.
The defendant offered testimony with regard to the value of the propties [properties], and some further testimony with regard to the use of the area known as "Park Avenue" by the town of Burlington.
In this connection, Earl B. Horner testified that he had been mayor of Burlington for nineteen years; that he was familiar with the property line of the North Carolina Railroad right of way between Church Street and Hoke Street; that the city had tried to pave it at one time but the North Carolina Railroad Company denied the right of the city to improve the property, and stated that if the city laid a street along there they would tear it up if they wanted to lay tracks. As a result of the controversy the city did not endeavor to improve it in any way; that the city thought at one time it owned the property immediately adjoining Mrs. Moore's and Mrs. Trollinger's property for street purposes, but the North Carolina Railroad Company "convinced us we did not." *Page 847 
Exceptions were noted to the instructions to the jury and to the admission and rejection of evidence. At the conclusion of the plaintiffs' evidence, and again at the conclusion of all the evidence, defendant moved for judgment as of nonsuit, which was overruled. The jury answered the issues submitted to it in favor of the plaintiffs, and judgment in favor of the plaintiffs and against the defendant was rendered thereupon. From this the defendant appealed.
Upon a thorough examination of the exceptions in the record, the Court is of the opinion that they disclose no reversible error. Since no new principles of law are involved in the case, an extended opinion seems to be unnecessary. We find
No error.